IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 11-CV-01824-MSK-KMT

IRMA BENNETT,

Plaintiff,

v.

BRYAN M. MAHAN, D.O., BURT FOWLER, M.D., FRED JENNINGS, P.A., MEMORIAL
HEALTH SYSTEM, an Enterprise of the City of Colorado Springs, Colorado, doing business as
MEMORIAL HOSPITAL,

Defendants,

---

## PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND

---

Plaintiff, Irma Bennett, through her attorneys, Bogue & Paoli LLC, submits her

Complaint for Damages and Jury Demand and alleges as follows:

### THE PARTIES

1. At the commencement of this action, Plaintiff, Irma Bennett, is a resident of El Paso,

Texas. Irma Bennett was the wife of Thomas Bennett, who died on July 20, 2009.

2. Upon information and belief, during the time period set forth in this Complaint and at

all relevant times, Bryan M. Mahan, D.O. (hereinafter "Defendant Mahan") was a physician

licensed to practice medicine in the State of Colorado and held himself out as competent to

provide medical and surgical care to Thomas Bennett.

3. Upon information and belief, during the time period set forth in this Complaint and at

all relevant times, Burt Fowler, M.D., was a physician licensed to practice medicine in the State

of Colorado and held himself out as competent to provide medical care to Thomas Bennett.

4. Upon information and belief, during the time period set forth in this Complaint, Fred Jennings, P.A. (hereinafter "Defendant Jennings") was a physician assistant acting under the supervision of Defendants Bryan Mahan and Burt Fowler.

5. Upon information and belief, during the time period set forth in this Complaint, Defendant Memorial Health System was an enterprise of the City of Colorado Springs, Colorado, doing business as Memorial Hospital ("Memorial") with its headquarters in the County of El Paso, State of Colorado. Upon information an belief, Memorial Hospital employed the technicians, nurses, therapists, hospitalists and other personnel who provided care and treatment to Thomas Bennett during the time period set forth in this Complaint. At all relevant times, these personnel were acting within the course and scope of their employment.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs by this reference.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a)(1) as there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391(a) since the defendant doctors, defendant physician assistant, and Memorial Hospital have their principal place of business in Colorado, or a substantial part of the events or omissions giving rise to these claims occurred within this judicial district.

9. On July 20, 2009, Thomas Bennett died following surgery by Bryan M. Mahan, D.O. at Memorial Hospital in Colorado Springs, Colorado in El Paso County.

## NOTICE OF CLAIM

10. Plaintiff incorporates the preceding paragraphs by this reference.

11. A Notice of Claim pursuant to C.R.S. 24-10-109 was timely served on Defendant Memorial Hospital.

## CERTIFICATION

Pursuant to §13-20-602(3)(a), C.R.S. 2004, Plaintiff certifies as follows:

12. Counsel has consulted with health care professionals with expertise in the area of the alleged negligent conduct as set forth in Plaintiff's Complaint.

13. The experts who have been consulted have reviewed all known facts relevant to the allegations of negligent conduct set forth in Plaintiff's Complaint, including medical records from Memorial Hospital, pertinent radiology, the autopsy report and pertinent medical literature

14. Based upon these facts, these experts have concluded the filing of the claims against the above-named Defendants do not lack substantial justification within the meaning of §13-17-102(4), C.R.S.; and

15. To the extent required, the experts who have reviewed all known facts relevant to the allegations of negligent conduct as contained in Plaintiff's Complaint meet the requirements set forth in §13-64-401, C.R.S. 2004.

## GENERAL ALLEGATIONS

16. Plaintiff incorporates the preceding paragraphs by this reference. Unless stated otherwise, the allegations set forth in this section of the Complaint are made upon information and belief.

17. On or about July 15, 2009, Thomas Bennett presented to Memorial Hospital for aortic valve replacement secondary to aortic stenosis.

18. On July 16, 2009, Dr. Bryan M. Mahan, D.O., performed the aortic valve replacement on Mr. Bennett.

19. In his first post-operative day at Memorial Hospital, on July 17, 2009, Mr. Bennett complained of pain in his left shoulder and chest.

20. On the second post-operative day, July 18, 2009, Mr. Bennett's presentation was anxious and fearful. He continued to complain of left shoulder pain.

21. On his third post-operative day, July 19, 2009, Mr. Bennett was still complaining of left shoulder pain. He was described as pale, anxious and diaphoretic. He complained of dizziness and he had an elevated heart rate. His blood pressure was 85/49. After returning to bed, his systolic blood pressure rose to 106.

22. Following surgery, Mr. Bennett's hematocrit had decreased to abnormal ranges. No hematocrit was taken on July 19, 2009. On July 20, 2009, Mr. Bennett's hematocrit had dropped to 23.

23. Upon information and belief and at some point during his post-operative care, Mr. Bennett's care was transferred from Dr. Mahan to Dr. Fowler, or to some unknown physician.

24. On July 20, 2009, two units of packed red blood cells were ordered and transfused. During and following this transfusion, Mr. Bennett continued to be diaphoretic, queasy and complained of dizziness and fatigue.

25. After the second unit of blood had been transfused, Mr. Bennett was unable to tolerate standing and continued to complain of nausea and dizziness.

26. On July 20, 2009, after the transfusion of two units of packed red blood cells, Mr. Bennett's hematocrit was 20.4.

27. At 5:52 p.m. on July 20, 2009, Mr. Bennett lost consciousness. A code was called and efforts to revive him failed. He was pronounced dead at 8:16 p.m. The autopsy results indicate Mr. Bennett's cause of death was exsanguination.

# FIRST CLAIM FOR RELIEF

## (Dr. Mahan)

28. Plaintiff incorporates the preceding paragraphs by this reference.

29. With respect to his care and treatment of Mr. Bennett, Defendant Mahan owed a duty to exercise that degree of skill, care, caution, diligence and foresight exercised by and expected of physicians in his specialty and under similar circumstances.

30. Defendant Mahan was negligent in his care and treatment of Mr. Bennett, including, but not limited to:

A. Failing to properly evaluate and examine Mr. Bennett;

B. Failing to properly monitor, manage and chart Mr. Bennett's condition;

C. Failing to reasonably and timely diagnose and treat Mr. Bennett's condition;

D. Failing to timely and reasonably consult with or refer Mr. Bennett to another surgeon and/or appropriate medical specialist;

E. Failing to order reasonable and appropriate tests and treatment for Mr. Bennett;

F. Failing to properly inform Mr. and Mrs. Bennett of the risks of his care and treatment;

G. Failing to reasonably and properly perform surgery;

H. Failing to reasonably hire, train and supervise physician assistants and other medical personnel;

I. Failing to implement policies and procedures regarding responsibilities and duties of physician assistants;

J. Dr. Mahan is also vicariously liable for acts of physician assistants and other

medical personnel, all acting within the course and scope of their employment;

and

    K.  Failing to obtain Mr. Bennett's informed consent.

31.  As a direct and proximate result of the acts and omissions of Defendant Mahan, Thomas Bennett died as a result of exsanguination.

32.  As a direct and proximate result of the acts and omissions of Defendant Mahan as described above, Plaintiff has suffered the wrongful death of her husband, Thomas Bennett, grief, loss of companionship, loss of consortium, pain and suffering, emotional stress and other non-economic losses, as well as economic losses, including, but not limited to loss of support, loss of home services, loss of earnings, funeral expenses and other pecuniary losses, injuries and damages.

## SECOND CLAIM FOR RELIEF

### (Dr. Fowler)

33.  Plaintiff incorporates the preceding paragraphs by this reference.

34.  With respect to his care and treatment of Mr. Bennett, Defendant Fowler owed a duty to exercise that degree of skill, care, caution, diligence and foresight exercised by and expected of physicians in his specialty and under similar circumstances.

35.  Defendant Fowler was negligent in his care and treatment of Mr. Bennett, including, but not limited to:

    A.  Failing to properly evaluate and examine Mr. Bennett;

    B.  Failing to properly monitor and manage and chart Mr. Bennett's condition;

    C.  Failing to reasonably and timely diagnose and treat Mr. Bennett's condition;

    D.  Failing to timely and reasonably consult with or refer Mr. Bennett to an

appropriate medical specialist and/or surgeon;

E.  Failing to order reasonable and appropriate tests and treatment for Mr. Bennett;

F.  Failing to properly inform Mr. and Mrs. Bennett of the risks of his care and treatment;

G.  Failing to reasonably hire, train and supervise physician assistants and other medical personnel;

H.  Failing to implement policies and procedures regarding responsibilities and duties of physician assistants; and

I.  Dr. Fowler is also vicariously liable for acts of physician assistants and other medical personnel, all acting within the course and scope of their employment.

36.  As a direct and proximate result of the acts and omissions of Defendant Fowler, Thomas Bennett died as a result of exsanguination.

37.  As a direct and proximate result of the acts and omissions of Defendant Fowler as described above, Plaintiff has suffered the wrongful death of her husband, Thomas Bennett, grief, loss of companionship, loss of consortium, pain and suffering, emotional stress and other non-economic losses, as well as economic losses, including, but not limited to loss of support, loss of home services, loss of earnings, funeral expenses and other pecuniary losses, injuries and damages.

## THIRD CLAIM FOR RELIEF

### (PA Jennings)

38.  Plaintiff incorporates the preceding paragraphs by this reference.

39.  With respect to his care and treatment of Mr. Bennett, Defendant Jennings owed a

duty to exercise that degree of skill, care, caution, diligence and foresight exercised by and

expected of physician assistants and under similar circumstances.

40.  Defendant Jennings was negligent in his care and treatment of Mr. Bennett,

including, but not limited to:

    A.  Failing to properly evaluate and examine Mr. Bennett;

    B.  Failing to properly monitor and manage Mr. Bennett's condition;

    C.  Failing to reasonably and timely assess and care for Mr. Bennett's condition;

    D.  Failing to reasonably and timely communicate Mr. Bennett's condition to the

attending surgeon and other physicians;

    E.  Failing to timely and reasonably consult with or refer Mr. Bennett to an

appropriate medical specialist;

    F.  Failing to reasonably communicate with and respond to calls from nurses

regarding Mr. Bennett's condition;

    G.  Failing to implement the chain of command in regard to Mr. Bennett's

condition;

    H.  Failing to follow reasonable policies and procedures regarding care of Mr.

Bennett; and

    I.  Failing to timely and reasonably follow physicians' orders.

41.  As a direct and proximate result of the acts and omissions of Defendant Jennings,

Thomas Bennett died as a result of exsanguination.

42.  As a direct and proximate result of the acts and omissions of Defendant Jennings as

described above, Plaintiff has suffered the wrongful death of her husband, Thomas Bennett, grief,

loss of companionship, loss of consortium, pain and suffering, emotional stress and other non-

economic losses, as well as economic losses, including, but not limited to loss of support, loss of home services, loss of earnings, funeral expenses and other pecuniary losses, injuries and damages.

## FOURTH CLAIM FOR RELIEF

(Memorial Hospital)

43. Plaintiff incorporates the preceding paragraphs by this reference.

44. While Mr. Bennett was a patient at Defendant Memorial, which was acting through its agents and employees, all of whom were acting within the course and scope of their employment or within their authority as agents, Defendant Memorial was negligent, including but not limited to:

A. Failing to provide proper and reasonable nursing and related care during Mr. Bennett's hospitalization;

B. Failing to reasonably and properly monitor and chart Mr. Bennett's condition;

C. Failing to properly and reasonably assess, test and care for Mr. Bennett's condition;

D. Failing to implement the chain of command in regard to Mr. Bennett's condition;

E. Failing to properly and reasonably diagnose, manage and treat Mr. Bennett;

F. Failing to timely and properly communicate with physicians and other personnel regarding Mr. Bennett's condition;

G. Failing to implement and follow reasonable policies and procedures;

H. Failing to reasonably hire, supervise and train nurses, physicians assistants and other employees; and

I. Failing to timely and reasonably follow physicians' orders.

45. As a direct and proximate result of the acts and omissions of Defendant Memorial, Mr. Bennett died and Plaintiff has suffered injuries, damages and losses as set forth above.

WHEREFORE, Plaintiff prays that this Court enter an Order of Judgment in favor of Plaintiff and against the Defendants, and each of them, for compensatory damages in an amount to be determined by the trier of fact, interest as provided by law and for such other relief as this Court deems appropriate.

PLAINTIFF REQUESTS A TRIAL TO A JURY.

**BOGUE & PAOLI LLC**

By_____
Alfred Paoli, Jr.
Jeffrey A. Bogue
1401 17th Street, Suite 320
Denver, CO 80202
303-382-1990

Attorneys for Plaintiff

Plaintiff's Address:
910 Marlow Road
El Paso, TX 79905