IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01824–MSK–KMT

IRMA BENNETT,

    Plaintiff,

v.

BRYAN M. MAHAN, D.O.,
BURT FOWLER, M.D.,
FRED JENNINGS, P.A., and
MEMORIAL HEALTH SYSTEM, an enterprise of the City of Colorado Springs, Colorado, doing business as MEMORIAL HOSPITAL,

    Defendants.

## MINUTE ORDER

### ORDER ENTERED BY MAGISTRATE JUDGE KATHLEEN M. TAFOYA

This matter is before the court on the "Unopposed Motion for Protective Order." (Doc. No. 65, filed Aug. 14, 2012.) The Motion is DENIED and the proposed Protective Order is REFUSED. The parties are granted leave to submit a motion for protective order and revised form of protective order consistent with the comments contained here.[1]

*Gillard v. Boulder Valley School District*, 196 F.R.D. 382 (D. Colo. 2000), set out certain requirements for the issuance of a blanket protective order such as the one sought here. Among other things, any information designated by a party as confidential must first be reviewed by a lawyer who will certify that the designation as confidential is "based on a good faith belief that [the information] is confidential or otherwise entitled to protection." *Id.* at 386. Additionally,

---

[1] The court also notes that even though this case was reassigned to District Judge Marcia S. Krieger over a year ago (*see* Doc. No. 3), the caption featured in both the Motion for Protective Order and the proposed Protective Order includes the initials of Senior District Judge John L. Kane (i.e. "JLK"). Any future court filings that fail to properly include Judge Krieger's initials, as required by D.C.COLO.LCivR 10.1I, may be summarily stricken.

the protective order must contain a mechanism by which a party may challenge the designation of information as confidential.  The following language would satisfy this provision:

> A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

*Id.* at 388-89.  The proposed Protective Order does not comply with the requirements established in *Gillard*.

Therefore, it is ORDERED that the Motion for Protective Order (Doc. No. 65) is DENIED without prejudice, and the proposed Protective Order is REFUSED.

Dated: August 14, 2012